RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
SYLVIA A. IRVIN
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorney for Brian Tucker

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN TUCKER,<br><br>Defendant. | Case No. 2:19-cv-00427-GMN-EJY<br><br>**STIPULATION TO RESOLVE DEFENDANT TUCKER'S RULE 41(G) MOTION AND VACATE STATUS HEARING** |

Assistant United States Attorney John Childress, counsel for the United States of America, and Assistant Federal Public Defender Sylvia A. Irvin, counsel for Defendant Brian Tucker, stipulate and agree as follows:

1. Defendant Tucker was indicted for Conspiracy to Possess with the Intent to Distribute and to Distribute 500 Grams or more of a Methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 851, in two cases in the Southern District of Indiana, Evansville Division, Case Nos. 3:14-cr-52-RLY-WGH and 3:15-cr-3-RLY-CMM.

2. Following the Defendant's convictions in both cases, the District Court in Indiana ordered the Defendant's interest in $7,174.00 U.S. Currency and a 2013 Dodge Charger forfeited, but did not address the forfeiture of the following property to the United States:

$14,960.00 United States Currency
(Asset Identification Number: 15-DEA-608142)

3. On March 11, 2019, the Defendant filed his "Motion for Order Directing Return of Seized Property," in which he has requested the return of $14,960.00 United States Currency that was seized from him at the time of his arrest on January 12, 2015. Case No. 3:14-cr-52-RLY-WGH, ECF No. 171.

4. The Defendant filed a duplicate Motion for Order Directing Return of Seized Property in this District of Nevada on December 26, 2018. Case No. 2:15-mj-00012-GFW-1, ECF No. 10. The motion was filed under the Magistrate Judge Case Number related to the Defendant's District of Nevada Rule 5 arrest on the Southern District of Indiana Indictment. *See* Case No. 2:15-mj-00012-GFW-1. A civil case was opened on March 12, 2019, under the instant District of Nevada Case No. 2:19-cv-00427-GMN-GWF.

4. The motions in both jurisdictions pertain to the same property, $14,960.00 in United States Currency seized from the Defendant at the time of his arrest.

5. In the Southern District of Indiana Judgment, the Court ordered the Defendant to pay a $100 Special Assessment and a $2,000 Fine in each of the two Southern District of Indiana case numbers, for a total of $4,200.00 owed the Court. Although the Defendant has made some payments towards this debt, as of June 13, 2019, he still owes $4,050.00.

6. The United States and Defendant have agreed to settle the Rule 41(g) motion in these case without further litigation, and hereby advise the Court of their agreement that the United States will release to Clerk of the Court, Southern District of Indiana, 46 East Ohio Street, Suite 105, Indianapolis, Indiana 46204, the amount of $4,050.00, to be applied to

2

Defendant Tucker's remaining balance. The United States also will provide a letter from the United States Attorney's Office acknowledging that payment has been received toward the Fine and Special Assessment so that the Defendant can provide documentation to his Bureau of Prisons Case Manager that his debt has been satisfied.

7. The United States and Defendant Tucker also agree that the remaining amount of $10,910.00 will be deposited into the Defendant Tucker's Bureau of Prisons Trust Fund account.[1]

8. Defendant Tucker represents that this Stipulation and Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and agrees unconditionally to release, hold harmless, acquit, and discharge the United States and any agents, servants, and employees of the United States, or any state or local law enforcement agency, acting in their individual or official capacities, from any and all claims by Defendant Tucker and his successors, assignees, agents and employees from any and all claims, demands, causes of actions or suits, agreements, deposited sums, judgments, damages, losses of service, expenses of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or arising from the incidents or circumstances giving rise to the seizure and custody of, and proceedings involving the forfeiture of, the subject property.

---

[1] Defendant's counsel in this District is an Assistant Federal Public Defender who sought limited appointment for the sole purpose of helping Defendant Tucker arrange his court appearance by telephone in the District of Nevada. Defendant Tucker was previously represented by her office for the Rule 5 appearances. AFPD Irvin is not authorized to accept funds on Defendant Tucker's behalf.

3

9. Defendant Tucker agrees that there was reasonable cause for the seizure of the $14,960.00 U.S. Currency, as the term "reasonable cause" is used in 28 U.S.C. § 2465, and agrees to release and hold harmless the United States, any and all agents, officers, and employees of the United States acting in their individual or official capacities, from any and all claims, including but not limited to its seizure, custody, security, and maintenance.

10. Defendant Tucker understands and agrees that by entering into this Stipulation, he waives any right to further litigate against the United States his interest in the subject property, including through any petition for remission or mitigation of the forfeiture.

11. Defendant Tucker acknowledges by entering into this Stipulation that the United States promptly recognized his Rule 41(g) motion and by so doing did not cause him to incur additional costs or fees.

12. Defendant Tucker and the United States each agree to bear their own litigation expenses, including, but not limited to, attorneys' fees. Defendant Tucker further waives any and all claims or rights that he may have pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorneys' fees or other costs it incurred arising out of this forfeiture action.

13. Unless specifically directed by order of the Court, Defendant Tucker is hereby excused and relieved from further participation in the ancillary forfeiture proceedings.

14. The terms of this Agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

15. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons and entities on whose behalf they are signing to the terms of the settlement.

16. Because this Stipulation resolves the pending Rule 41(g) Motion, the parties agree that the status hearing is no longer needed and respectfully ask the Court to vacate the hearing scheduled for August 16, 2019, at 10:30a.m.

DATED this 15th day of August, 2019.

RENE L. VALLADARES
Federal Public Defender
District of Nevada

By: *Sylvia A. Irvin*
SYLVIA A. IRVIN
Assistant Federal Public Defender

JOSH J. MINKLER
United States Attorney
Southern District of Indiana

By: *John E. Childress*
JOHN E. CHILDRESS
Deputy Chief, Civil Division

BRIAN TUCKER
Defendant

By: *Brian Tucker*

Date: 8-15-19

## ORDER

**IT IS HEREBY ORDERED** that the above Stipulation and Motion to Vacate Status Hearing, (ECF No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case.

**DATED** this  15  day of August, 2019.

Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT